GREGORY C. LOARIE, State Bar No. 215859
ERIN M. TOBIN, State Bar No. 234943
Earthjustice
426 17th Street, 5th Floor
Oakland, CA 94612
T: (510) 550-6725 / F: (510) 550-6749
gloarie@earthjustice.org
etobin@earthjustice.org

*Attorneys for Plaintiffs*

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Div.
CYNTHIA S. HUBER (IL3125279; DC390616)
Assistant Section Chief
Natural Resources Section
Environment and Natural Resources Div.
U.S. Dept. of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Tel: 202-514-5273 (Huber)
Fax: 202-305-0506
cynthia.huber@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| CENTRAL SIERRA ENVIRONMENTAL RESOURCE CENTER, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES FOREST SERVICE, *et al.*, <br><br> Defendants. | Civ. No. 10-2172 FCD-GGH <br><br> **JOINT STATUS REPORT** |

Pursuant to Federal Rule of Civil Procedure 16 and the Court's August 13, 2010 Order Requiring Joint Status Report (Document 4), Plaintiffs Central Sierra Environmental Resource Center, The Wilderness Society, and Public Employees for Environmental Responsibility (collectively, "Plaintiffs") and Defendants United States Forest Service, Pacific Southwest Regional Forester Randy Moore, and Stanislaus National Forest Supervisor Susan Skalski (collectively,

JOINT STATUS REPORT – Case No. 10-2172 FCD-GGH                              1

"Defendants"), submit this Joint Status Report:

**(a)    Summary of the claims and legal theories.**

This case concerns management of motor vehicles in the Stanislaus National Forest ("Stanislaus").  Plaintiffs contend that in November 2009, the Forest Service approved changes to the system of roads and trails in the Stanislaus, including the addition of approximately 200 miles of roads and trails.  Plaintiffs contend that the Forest Service's decision to expand the transportation system in the Stanislaus, especially the number of roads and trails available for use by off-road vehicles ("ORV"), threatens significant and irrevocable damage to sensitive and imperiled wildlife, water quality, soils, vegetation, and roadless areas.  Plaintiffs further contend that the Forest Service failed to comply with federal environmental laws, regulations, and executive orders before approving these changes to the transportation system.

In their Complaint, Plaintiffs allege the following violations of law:

1.  Defendants violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, *et seq.*, by preparing an Environmental Impact Statement that fails to consider reasonable alternatives; that fails to accurately define the no action or proposed action alternatives; and that fails to disclose all of the direct, indirect, and cumulative effects of the decision.

2.  Defendants violated Executive Orders 11644 and 11989 and Forest Service Travel Management Regulations, 36 C.F.R. Part 212, by failing to designate trails in a manner that minimizes impacts to forest resources, wildlife, and wildlife habitat; by failing to close trails that cause considerable adverse effects to soil, vegetation, wildlife, and wildlife habitat; and by failing to comply with procedures for conducting a science-based travel analysis, identifying a minimum road system, and identifying unneeded roads for decommissioning.

3.  Defendants violated the National Forest Management Act ("NFMA"), 16 U.S.C. § 1604, because the Forest Service's decision is inconsistent with forest plans that govern the Stanislaus.

Defendants disagree with Plaintiffs' characterization of the Stanislaus National Forest

Motorized Travel Management Decision or the analysis done to support the Decision. Defendants deny that they have acted inconsistently with or violated any statute, regulation or executive order in connection with the Decision or the analysis done to support the Decision.

**(b)     Status of service.**

Plaintiffs served copies of the summons and the Complaint on all Defendants in accordance with the Federal Rules of Civil Procedure. *See* Doc. No. 6 (certificate of service). There are no cross-defendants in this case.

**(c)     Possible joinder of additional parties.**

Plaintiffs do not anticipate joining any additional parties.

**(d)     Amendments to the pleadings.**

Plaintiffs do not anticipate amending the Complaint. Defendants' answer will be filed on October 27. (Dkt 8).

Defendants propose that the case management order require that if Plaintiffs determine that they wish to amend the complaint that any amendment to Plaintiffs' complaint be filed on or before November 17, 2010. Plaintiffs object to such a provision in the case management order as inappropriate under the Federal Rules of Civil Procedure, which allow parties to amend pleadings at any time "when justice so requires." Fed. R. Civ. P. 15(a)(2).

**(e)     Statutory basis for jurisdiction and venue.**

This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201 (injunctive relief), 28 U.S.C. § 2202 (declaratory relief), and 5 U.S.C. §§ 551, *et seq*. (Administrative Procedure Act or "APA"). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e). Assignment to the Sacramento division of this judicial district is proper under Local Rule 3-120(d).

**(f)     Anticipated discovery and the scheduling of discovery.**

This case is an action for review of agency action under the APA, and the parties anticipate that the case will be reviewed based on facts contained in Defendants' administrative record. As such, this case is exempt from the initial disclosures requirements of Fed. R. Civ. P. 26(a)(1) and the discovery planning conference under Fed. R. Civ. P. 26(f). *See* Fed. R. Civ. P. 26(a)(1)(B); *id*.

26(f)(1).

Assuming the administrative record submitted by Defendants is complete, Plaintiffs anticipate that there will be no need for discovery.  However, Plaintiffs reserve the right to conduct discovery and supplementation of the administrative record as appropriate and necessary after their review of the administrative record.  Defendants reserve the right to oppose any request for supplementation or discovery concerning the administrative record or the merits of this matter.  Defendants reserve the right to seek discovery related to the standing of each plaintiff to bring this case.

**(g)   Contemplated dispositive motions and proposed date by which all non-discovery motions shall be heard.**

The parties anticipate that this case will be resolved by cross-motions for summary judgment, and that the motions will be reviewed by the Court based on Defendants' administrative record.

<u>Briefing Schedule</u>:  The Court's schedule permitting, the parties jointly propose the following schedule for the completion, service, and filing of the administrative record and for briefing and hearing cross-motions for summary judgment:

| | |
|---|---|
| Filing and Service of Administrative Record | December 13, 2010[1] |
| Plaintiffs' Motion for Summary Judgment | February 4, 2011 |
| Defendants' Cross-Motion for Summary Judgment/Opposition | March 11, 2011 |
| Plaintiffs' Opposition/Reply | April 15, 2011 |
| Defendants' Reply | May 20, 2010 |

The parties jointly request a hearing on the cross-motions for summary judgment as soon thereafter as is convenient for the Court.

---

[1] Depending on the outcome of Plaintiffs' review of the administrative record produced by Defendants, Plaintiffs reserve the right to file a motion to complete the administrative record. Plaintiffs agree to confer with Defendants concerning issues regarding the completeness of the record by January 7, 2011.  The parties agree to confer in good faith to attempt to resolve any disputes concerning the record.  Plaintiffs agree to file any motion to supplement the administrative record on or before January 19, 2011.  If any such motion is filed it will necessitate adjusting the schedule for briefing of the cross-motions for summary judgment.  The parties agree to notify the Court of any such changes as soon as possible.

The parties discussed, but could not agree upon, appropriate timing for Plaintiffs to file declarations proving their standing to maintain this case. To maximize efficiency of the Court's and parties' resources, Federal Defendants believe resolving any issues regarding Plaintiffs' standing should be handled prior to the start of summary judgment briefing. In addition, the Court has an independent obligation to assure standing exists regardless of whether it is challenged by any of the parties. *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1152 (2009). Federal Defendants believe the period for resolving issues with the record, already included in the agreed proposed schedule, could be efficiently used to simultaneously resolve any standing issues. This process has been used effectively in other matters and should allow the following summary judgment process to focus on the disagreements between the parties. Accordingly, Federal Defendants would recommend that the Court order Plaintiffs to produce sworn declarations establishing standing on or before December 3, 2010. Contrary to Plaintiffs' assertion below, Federal Defendants do not suggest that the Court be involved in the efforts to resolve any questions of standing during this pre-briefing process.

Plaintiffs oppose Defendants' proposal that Plaintiffs file standing declarations approximately two months before filing their summary judgment motion. Doing so is not appropriate or required by the Federal Rules of Civil Procedure ("Federal Rules"), or any caselaw interpreting the Federal Rules, and is contrary to the normal practice in federal court litigation. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (plaintiffs' burden is to "aver" facts establishing standing *at the summary judgment stage*, not before). Plaintiffs also disagree that filing standing declarations in a vacuum, without accompanying briefs explaining the Article III standing requirements, would be at all efficient or helpful to the Court. To the extent that Defendants seek to bifurcate the Court's resolution of the standing issues from the merits, Plaintiffs oppose this as unnecessary, not a good use of resources of the Court or the parties, and inconsistent with normal federal court practice. The most efficient process would be for Plaintiffs to file standing declarations with their motion for summary judgment, which they intend to do.

Administrative Record: Defendants will produce the administrative record in electronic format on electronically searchable discs. The parties agree and jointly request that the Court waive

any requirement for submittal of a complete paper copy of the administrative record and any requirement that the individual documents comprising the administrative record be filed via ECF.

<u>Page Limits</u>:  The parties jointly propose that Plaintiffs' brief in support of their motion for summary judgment be limited to 30 pages; Defendants' combined brief in support of their cross-motion for summary judgment and in opposition to Plaintiffs' motion for summary judgment be limited to 40 pages; Plaintiffs' combined reply and opposition brief be limited to 30 pages; and Defendants' reply brief be limited to 20 pages.

In addition, because the Court's review of Plaintiffs' claims is to be based on an administrative record, the parties agree and jointly request that the Court waive the requirement in Eastern District Local Rule 260 to file separate statements of undisputed material facts in support of their motions for summary judgment.

**(h), (i)  Proposed dates for final pretrial conference and trial, estimated days of trial, and whether any party has demanded a jury.**

Because this case will be resolved by the Court based on the parties cross-motions for summary judgment, the parties do not anticipate a trial or any other proceedings beyond those described in section (g) above.  As such, a final pretrial conference is not necessary.  No party has requested a jury.

**(j)        Appropriateness of special procedures.**

The parties do not foresee a need for any special procedures.

**(k)       Proposed modification of standard pretrial procedures because of the simplicity or complexity of the case.**

Given that this case will be resolved by cross-motions for summary judgment based on facts contained in the administrative record, no modification of pretrial procedures is proposed at this time.

**(l)        Whether the case is related to any other case pending in this district.**

The parties are not aware that this case is related to any other cases pending in this district.

**(m)      Prospects for settlement, including whether a settlement conference should be scheduled and whether, in the case of a jury trial, the parties will stipulate to the trial judge acting as settlement judge.**

The parties have met and conferred and do not believe that settlement of this case is likely or

JOINT STATUS REPORT – Case No. 10-2172 FCD-GGH        6

1  that the Court should schedule a settlement conference. The case does not involve a jury trial.

2  **(n)  Any other matters that may be conducive to the just and expeditions disposition of the case.**

3

4  The parties are not aware of any such matters.

DATED:  October 22, 2010                    Respectfully submitted,

5

6

7  /s Erin M. Tobin
   ERIN M. TOBIN

8  Attorneys for Plaintiffs

9

10  /s Cynthia S. Huber [w/permission 10-22-10]

11  CYNTHIA S. HUBER

12  Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28