IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

CYNTHIA S. HUBER (IL3125279; DC390616)
Assistant Section Chief
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 663
Ben Franklin Station
Washington, D.C. 20044-0663
T: 202-514-5273; F: 202-305-0506
Cynthia.huber@usdoj.gov
Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL SIERRA ENVIRONMENTAL RESOURCE CENTER, THE WILDERNESS SOCIETY, and PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, | Civil No. 10-02172-FCD-GGH |
| Plaintiffs, | FEDERAL DEFENDANTS' ANSWER TO THE COMPLAINT |
| v. | Date:  N/A |
| UNITED STATES FOREST SERVICE, an agency of the Department of Agriculture, SUSAN SKALSKI, in her official capacity as Forest Supervisor of the Stanislaus National Forest, and RANDY MOORE, in his official capacity as Regional Forester, U.S. Forest Service, Pacific Southwest Region, | Time:  N/A |
| | Courtroom No.:  N/A |
| Defendants. | |

Federal Defendants United States Forest Service, Susan Skalski, and Randy Moore, by and

through undersigned counsel, hereby plead and assert defenses to the Complaint as follows.

**INTRODUCTION**

1. Paragraph 1 describes the nature of Plaintiffs' claims and requires no response. The Federal Defendants deny that they have violated any executive order, statute or regulation. Federal Defendants further deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

**JURISDICTION AND VENUE**

2. Paragraph 2 is a statement of jurisdiction and states a legal conclusion so that no response is required.

3. Paragraph 3 states a legal conclusion concerning the Court's authority to grant relief and thus requires no response. To the extent the allegations are meant to suggest that Plaintiffs are entitled to relief in this action, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

4. The Federal Defendants admit the allegations in the first and second sentences of Paragraph 4. The third sentence of Paragraph 4 states a legal conclusion and thus requires no response.

5. Paragraph 5 of the Complaint states a legal conclusion and thus requires no response. Federal Defendants admit that the Stanislaus National Forest ("Forest") is located in this judicial district and that the preparation and approval of the Stanislaus National Forest Motorized Travel Management Record of Decision ("ROD") and Environmental Impact Statement ("EIS") occurred in this judicial district.

**PARTIES**

6. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of Paragraph 6 and therefore deny Paragraph 6.

7. The Federal Defendants admit that The Wilderness Society has commented or appealed management decisions for the Forest. As to the remaining allegations in Paragraph 7, Federal Defendants lack information sufficient to be able to either admit or deny the allegations and therefore deny the remainder of Paragraph 7.

8. The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of Paragraph 8 and therefore deny Paragraph 8.

2

9.     The Federal Defendants lack information sufficient to be able to either admit or deny the allegations of Paragraph 9 and therefore deny Paragraph 9.

10.    The Federal Defendants deny the factual allegations of Paragraph 10 and deny that Federal Defendants have violated any executive order, regulation or statute in connection with the ROD and EIS.  Federal Defendants further deny that their actions threaten or injure Plaintiffs' interests or present and future uses of the Forest.

11.    The Federal Defendants deny the allegations of Paragraph 11.

12.    The Federal Defendants admit the allegations of Paragraph 12.

13.    The Federal Defendants admit the first and second sentences of Paragraph 13 of the Complaint.  The allegations in the third sentence of Paragraph 13 describe the nature of Plaintiffs' claims against Ms. Skalski, and require no response.

14.    The Federal Defendants admit the allegations in the first and third sentences of Paragraph 14.  The Federal Defendants deny the allegations in the second sentence of Paragraph 14.  The allegations in the fourth sentence of Paragraph 14 describe the nature of Plaintiffs' claims and require no response; to the extent a further response is necessary, the Federal Defendants deny that Ms. Coleman is no longer employed with the Forest Service.

## BACKGROUND

15.    The Federal Defendants admit the allegations of Paragraph 15.

16.    In response to the allegations in the first sentence of Paragraph 16, the Federal Defendants admit the Forest shares a common boundary with Yosemite National Park.  The Federal Defendants admit the allegations in the second sentence of Paragraph 16.  In response to the allegations in the third sentence of Paragraph 16, the Federal Defendants admit that the Stanislaus is ranked fifth among the eighteen National Forests in California based on National Visitor Use Monitoring data.  In response to the allegations in the fourth sentence of Paragraph 16, the Federal Defendants admit that National Visitor Use Monitoring data from 2008 show approximately 1,817,200 visits to the Stanislaus National Forest, but aver that this figure does not equate to 1,817,200 unique visitors, because individuals may visit the Stanislaus National Forest multiple times.  In response to the allegations in the

3

fifth sentence of Paragraph 16, Federal Defendants admit that visitors and users of the Forest engage in multiple uses that may include those listed and others. The remaining allegations of Paragraph 16 are argumentative characterizations of fact inconsistent with Fed. R. Civ. P. 8.

17. The Federal Defendants admit the allegations in the first sentence of Paragraph 17 and aver that the Forest also provides opportunities for a wide range of other uses including motorized and non-motorized uses. Federal Defendants admit the allegations in the second sentence of Paragraph 17. In response to the allegations in the third sentence of Paragraph 17, Federal Defendants admit that there are 235,700 acres of congressionally designated wilderness and proposed wilderness on the Forest. The remaining allegation concerning unroaded areas is vague and ambiguous and on that basis is denied. In response to the allegations in the fourth sentence of Paragraph 17, the Federal Defendants admit the Forest contains the identified Wild and Scenic Rivers. The remaining allegations in the fourth sentence purport to characterize the basis for the congressional designations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations not consistent with those documents.

18. In response to the first sentence of Paragraph 18, the Federal Defendants admit the Forest provides habitat for the five identified species but deny the remaining allegations. The Federal Defendants deny the allegations in the second sentence of Paragraph 18. The Federal Defendants admit the allegations in the third sentence of Paragraph 18, with the clarification that the U.S. Fish and Wildlife Service determined that listing the West Coast population of the Pacific Fisher was warranted but precluded by higher priorities. 69 Fed. Reg. 18870. The allegations in the fourth sentence of Paragraph 18 characterize the Federal Register Notice which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations not consistent with that document.

19. The Federal Defendants admit the Forest has habitat suitable for the identified species but otherwise deny the allegations in the first sentence of Paragraph 19. Federal Defendants aver that the California red-legged frog is listed under the ESA as a threatened, not an endangered species, and the foothill yellow-legged frog, the Sierra Nevada yellow-legged frog, and the Yosemite toad are Forest Service sensitive species. The Sierra Nevada yellow-legged frog and the Yosemite toad are candidate

4

species for listing under the ESA. The Federal Defendants admit the allegations in the second and fourth sentences of Paragraph 19. In response to the allegations in the third sentence of Paragraph 19, Federal Defendants deny Plaintiffs' characterization of the species' sensitivity as acute but otherwise admit the allegations.

20.     Federal Defendants admit the allegations in the first sentence of Paragraph 20, with the clarification that heavier OHV use is generally limited to the most popular areas and weekends during the primary recreation season. The Federal Defendants deny any allegations in the second sentence of Paragraph 20 that are not consistent with the EIS definition of the term OHV as: "Any motor vehicle designed for or capable of cross-country travel on or immediately over land. These vehicles may also be a High Clearance Highway Vehicle." EIS at 476. Federal Defendants deny that the common usage of the term ORV is the same as the definition of OHV. In response to the allegations in the third sentence of Paragraph 20, the Federal Defendants admit the availability and capability of OHVs have increased generally and on the Forest. Federal Defendants deny Plaintiffs' characterizations of those changes to the extent they are inconsistent with the information presented in the EIS.

21.     The Federal Defendants admit the allegations in the first, second and third sentences of Paragraph 21 with the clarification that the Forest currently manages approximately 2,947 miles of National Forest Transportation System ("NFTS") roads and 85.3 miles of NFTS motorized trails not all of which are currently open to the public. The Federal Defendants deny the allegations in the fourth sentence of Paragraph 21. In response to the fifth and sixth sentences of Paragraph 21, the Federal Defendants admit that the majority of the NFTS roads in the Forest were built primarily for timber harvest access between 1950 and 1990, but aver that many of these roads were added to the NFTS because they were intended and designed for multiples uses, including public access.

22.     The Federal Defendants admit the allegations in the first, second, third, and fifth sentences of Paragraph 22 but deny that such actions are or were inconsistent with any plan, executive order, regulation or statute. The Federal Defendants deny the allegations in the fourth sentence of Paragraph 22.

23.     The Federal Defendants deny the allegations in the first sentence of Paragraph 23. The

5

Federal Defendants admit that unmanaged or unplanned OHV use may cause the effects identified in the second, third and fourth sentences of Paragraph 23, but deny that any significant impacts will arise from the ROD.

24.     In response to the first and second sentences of Paragraph 24, the Federal Defendants admit that motor vehicles may emit criteria pollutants and make noise, but aver that any vehicle emissions must comply with applicable air quality and noise regulations. Federal Defendants deny the remaining allegations in the first and second sentences of Paragraph 24. In response to the allegations in the third sentence of Paragraph 24, Federal Defendants admit that OHV use may impact the use of some visitors in motorized areas but deny that such impacts violate any executive order, statute or regulation. Federal Defendants aver that the ROD improves the prospects for quiet recreation on the Forest.

25.     The Federal Defendants deny the allegations of Paragraph 25. Federal Defendants deny that the motorized vehicle/OHV use authorized by the ROD is intrusive.

26.     Federal Defendants admit that unmanaged or unplanned motorized vehicle/OHV use may cause the effects identified in the allegations of Paragraph 26, but deny that such impacts will arise from the ROD.

27.     The Federal Defendants admit that the Forest Service identified unmanaged recreation as one of four "key threats" facing the Nation's forests and grasslands and aver that one of the fundamental purposes of the Motorized Travel Management Decision for the Stanislaus National Forest is to address this "key threat." The remaining allegations of Paragraph 27 are denied.

## LEGAL FRAMEWORK

28.     The Federal Defendants deny the allegations in the first sentence of Paragraph 28. The Federal Defendants admit that management of the national forests, including motorized access, is subject to statutes such as the Multiple Use Sustained Yield Act of 1960, as well as other laws and regulations. The Federal Defendants deny the allegations in the third sentence of Paragraph 28. Federal Defendants deny that prior to the Travel Management Rule "the agency's focus was on managing the forests for timber and resource extraction."

29.     The Federal Defendants admit that President Nixon issued Executive Order 11644 in

6

1972. The remaining allegations of Paragraph 29 characterize and purport to quote from the Executive Order, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations not consistent with that document. Federal Defendants deny that Executive Order 11644 creates an obligation enforceable by Plaintiffs.

30.     The allegations in the first sentence of Paragraph 30 characterize Executive Order 11644, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations not consistent with that document. The allegations in the second sentence of Paragraph 30 state a legal conclusion and thus require no response.  Federal Defendants deny that Executive Order 11644 creates an obligation enforceable by Plaintiffs.

31.     The Federal Defendants admit the allegations in the first sentence of Paragraph 31.  The allegations in the second and third sentences of Paragraph 31 characterize and purport to quote from Executive Order 11989 which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations not consistent with that document.  The allegations in the fourth sentence of Paragraph 31 state a legal conclusion and thus require no response.  Federal Defendants deny that Executive Order 11989 creates an obligation enforceable by Plaintiffs.

32.     The Federal Defendants admit the allegations of Paragraph 32.

33.     The allegations of Paragraph 33 are legal conclusions to which no response is required. The allegations also characterize and purport to quote from the travel management regulations which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations not consistent with the language of those regulations.

34.     The allegations in the first, second and third sentences of Paragraph 34 are legal conclusions to which no response is required.  The allegations also characterize and purport to quote from the travel management regulations which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations not consistent with the language of those regulations. The allegations in the fourth sentence of Paragraph 34 characterize and purport to quote from two Federal Register Notices which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations not consistent with those documents.

7

1    35. The allegations of Paragraph 35 are legal conclusions to which no response is required.
2    The allegations also characterize and purport to quote from the travel management regulations which
3    speak for themselves and are the best evidence of their contents. Federal Defendants deny any
4    allegations not consistent with the language of those regulations.

5    36. The allegations of Paragraph 36 are legal conclusions to which no response is required.
6    The allegations also characterize and purport to quote from the travel management regulations which
7    speak for themselves and are the best evidence of their contents. Federal Defendants deny any
8    allegations not consistent with the language of those regulations.

9    37. The allegations of Paragraph 37 are legal conclusions to which no response is required.
10   The allegations also characterize and purport to quote from the travel management regulations which
11   speak for themselves and are the best evidence of their contents. Federal Defendants deny any
12   allegations not consistent with the language of those regulations.

13   38. The allegations of Paragraph 38 are legal conclusions to which no response is required.
14   The allegations also characterize and purport to quote the travel management regulations which speak
15   for themselves and are the best evidence of their contents. Federal Defendants deny any allegations not
16   consistent with the language of those regulations.

17                              **PROCEDURAL HISTORY**

18   39. The Federal Defendants admit the allegations in the first sentence of Paragraph 39. The
19   Federal Defendants admit the allegations in the second sentence of Paragraph 39 with the clarification
20   that the 1999 memorandum from the Acting Regional Forester directed the Stanislaus to take action to
21   implement the ban on cross-country travel, as well as other forest plan direction, with priorities based on
22   the existing budget. The Federal Defendants deny the allegations in the third sentence of Paragraph 39.
23   Federal Defendants admit the allegations in the fourth sentence of Paragraph 39.

24   40. To the extent that the allegations in the first sentence of Paragraph 40 suggest that the
25   Federal Defendants were unaware of the transportation system (including routes not specifically
26   authorized) the Federal Defendants deny the allegations. Federal Defendants aver that there has been
27   information collected on the transportation systems since the early 1900's and a database of the roads

28

8

and trails since at least the 1950's. The Federal Defendants admit the allegations in the second sentence of Paragraph 40, with the clarification that the INFRA database provides the data used to produce maps using a Geographic Information System ("GIS") program. The Federal Defendants admit the allegations in the third sentence of Paragraph 40, with the clarification that the effort to transfer data into INFRA began in 1999. The Federal Defendants deny the remaining allegations of Paragraph 40.

41.     The Federal Defendants admit that in 2006 the Forest completed an inventory of motorized use occurring on the Forest that was not part of the transportation system but did not inventory every acre of the Forest. Except as expressly admitted, Federal Defendants deny the allegations in the first sentence of Paragraph 41. The Federal Defendants admit that the Forest's initial surveys identified approximately 230 miles of unauthorized trails and 61.2 miles of unauthorized use on Maintenance Level 1 roads, which are closed to the public. Except as expressly admitted, Federal Defendants deny the allegations in the second sentence of Paragraph 41. The Federal Defendants admit the allegations in the third sentence of Paragraph 41. The Federal Defendants deny the allegations in the fourth sentence of Paragraph 41.

42.     The Federal Defendants admit the allegations in the first sentence of Paragraph 42. The allegations in the second and third sentences of Paragraph 42 characterize the Notice of Intent which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations not consistent with that document. The Federal Defendants deny the allegations in the fourth sentence of Paragraph 42.

43.     The Federal Defendants admit the allegations in the first, second, and third sentences of Paragraph 43. The Federal Defendants deny the allegations in the fourth sentence of Paragraph 43.

44.     The Federal Defendants admit the allegations in the first, second and fourth sentences of Paragraph 44. In response to the third sentence of Paragraph 44, the Federal Defendants admit that Plaintiffs identified roads and trails that they represented should be closed to motor vehicle use, and roads and trails where they represented motor vehicle use should be allowed. Except as expressly admitted, Federal Defendants deny the allegations in the third sentence of Paragraph 44.

45.     In response to the allegations in the first sentence of Paragraph 45, the Federal

9

Defendants admit that Plaintiffs provided extensive information concerning specific roads and OHV routes that was used to identify areas for further investigation and analysis by Forest Service interdisciplinary team members.  Except as expressly admitted, Federal Defendants deny the allegations in the first sentence of Paragraph 45.  Federal Defendants aver that field review of this information sometimes revealed inaccuracies as well as less environmental impact than was asserted in Plaintiffs' comments.  The Federal Defendants admit the allegations in the second sentence of Paragraph 45.  In response to the third sentence of Paragraph 45, Federal Defendants admit that Plaintiffs developed and proposed alternatives to the proposed action.  The remaining allegations in the third sentence characterize those alternatives which speak for themselves and are the best evidence of their contents.  Federal Defendants deny any allegations not consistent with the documents setting forth the alternatives.  Federal Defendants deny that the alternatives proposed by Plaintiffs would "significantly" reduce impacts.

46.     The Federal Defendants admit the allegations in the first sentence of Paragraph 46.  The allegations in the second sentence of Paragraph 46 contain Plaintiffs' characterization of their case to which no response is required.  The Federal Defendants deny the remaining allegations of Paragraph 46.  Federal Defendants deny that there are defects in the ROD or EIS and deny that they failed to satisfy any executive order, statute or regulation.

47.     The Federal Defendants admit the allegations in the first sentence of Paragraph 47 with the clarifications that: (1) the ROD also closed NFTS roads and trails; (2) the roads and trails that were added were already in existence; and (3) the ROD imposed seasonal restrictions on various roads and trails.  The Federal Defendants deny the allegations in the second and third sentences of Paragraph 47.  Federal Defendants admit that some of Plaintiffs' alternatives were not analyzed in detail but aver that all such alternatives were considered as part of the NEPA process.

48.     The Federal Defendants deny the allegations of Paragraph 48.

49.     In response to the allegations in the first sentence of Paragraph 49, the Federal Defendants admit that Plaintiffs administratively appealed the ROD and EIS, but lack knowledge or information sufficient to be able to either admit or deny Plaintiffs' alleged reasons for doing so.  The

10

1  Federal Defendants admit the allegations in the second sentence of Paragraph 49.  The allegations in the

2  third sentence of Paragraph 49 contain Plaintiffs' characterization of their case to which no response is

3  required.  Federal Defendants deny that Plaintiffs are entitled to any relief whatsoever.

### RESPONSE TO COUNT ONE

5      50.     The Federal Defendants repeat and reassert their responses to all preceding paragraphs as

6  if fully set forth herein.

7      51.     Paragraph 51 consists of legal conclusions to which no response is required.  The

8  allegations characterize and purport to quote the National Environmental Policy Act ("NEPA") and its

9  implementing regulations which speak for themselves and are the best evidence of their contents

10     52.     Paragraph 52 consists of legal conclusions to which no response is required.  The

11  allegations characterize and purport to quote the NEPA implementing regulations which speak for

12  themselves and are the best evidence of their contents.

13     53.     Paragraph 53 consists of legal conclusions to which no response is required.  The

14  allegations characterize and purport to quote from the cited court opinions which speak for themselves

15  and are the best evidence of their contents.

16     54.     The Federal Defendants deny the allegations in the first and second sentences of

17  Paragraph 54.  The allegations in the third and fourth sentences of Paragraph 54 characterize the EIS

18  which speaks for itself and is the best evidence of its contents.  Federal Defendants deny any allegations

19  not consistent with that document.  In response to the final clause in the fourth sentence of Paragraph 54,

20  Federal Defendants deny the allegations.

21     55.     The Federal Defendants admit that Plaintiffs provided comments to the Forest Service

22  during the administrative process for the ROD and EIS.  The remaining the allegations in the first and

23  second sentences of Paragraph 55 characterize those comments which speak for themselves and are the

24  best evidence of their contents.  Federal Defendants deny any allegations not consistent with those

25  documents. The Federal Defendants aver that most of those portions of the Plaintiffs' proposed

26  alternatives that were consistent with the purpose and need were incorporated into Alternative 5 and

27  analyzed in detail in the EIS.  The Federal Defendants deny the allegations in the third, fourth, and fifth

28

11

1 | sentences of Paragraph 55.

2 |     56.    Federal Defendants deny the allegations of Paragraph 56. Federal Defendants deny that
3 | they failed to satisfy NEPA and its implementing regulations, and further deny that their actions were
4 | otherwise arbitrary or capricious, an abuse of discretion, not in accordance with law, in excess of
5 | statutory authority, short of statutory right, and without observance of required procedures.

6 | **RESPONSE TO COUNT TWO**

7 |     57.    The Federal Defendants repeat and reassert their responses to all preceding paragraphs as
8 | if fully set forth herein.

9 |     58.    The allegations in the first, second and third sentences of Paragraph 58 consist of legal
10 | conclusions to which no response is required. The allegations characterize and purport to quote from the
11 | NEPA implementing regulations and the cited Federal Register Notice which speak for themselves and
12 | are the best evidence of their contents. The Federal Defendants admit the allegations in the fourth
13 | sentence of Paragraph 58.

14 |     59.    Paragraph 59 consists of legal conclusions to which no response is required. The
15 | allegations characterize and purport to quote from the NEPA implementing regulations which speak for
16 | themselves and are the best evidence of their contents.

17 |     60.    Paragraph 60 consists of legal conclusions to which no response is required. The
18 | allegations characterize and purport to quote from the NEPA implementing regulations which speak for
19 | themselves and are the best evidence of their contents.

20 |     61.    The Federal Defendants deny the allegations in the first, second, third, and fifth sentences
21 | of Paragraph 61. The allegations in the fourth sentence of Paragraph 61 comprise Plaintiffs'
22 | characterization of their case to which no response is required. To the extent a further response is
23 | necessary, the Federal Defendants deny any allegation that the Forest Service did not have an adequate
24 | understanding of the existing transportation system or that the agency failed to adequately analyze the
25 | impacts of the proposal.

26 |     62.    The Federal Defendants deny the allegations of Paragraph 62. Federal Defendants deny
27 | that the EIS does not satisfy NEPA and deny that the decision is arbitrary and capricious.

28 |

12

1   63.   The Federal Defendants deny the allegations of Paragraph 63.  Federal Defendants deny

2   that the EIS fails to adequately define the alternatives or to disclose the environmental impacts of the

3   alternatives.

4   **RESPONSE TO COUNT THREE**

5   64.   The Federal Defendants repeat and reassert their responses to all preceding paragraphs as

6   if fully set forth herein.

7   65.   Paragraph 65 consists of legal conclusions to which no response is required.  The

8   allegations characterize and purport to quote from NEPA, its implementing regulations, and the cited

9   court opinion which speak for themselves and are the best evidence of their contents.

10   66.   The Federal Defendants deny the allegations in the first and third sentences of Paragraph

11   66.  Federal Defendants admit the allegations in the second sentence of Paragraph 66.  Federal

12   Defendants deny that the EIS failed to adequately analyze or disclose the impacts of the alternatives and

13   the decision.

14   67.   The Federal Defendants deny the allegations of Paragraph 67.

15   68.   The Federal Defendants deny the allegations of Paragraph 68.

16   69.   The Federal Defendants deny the allegations in the first and third sentences of Paragraph

17   69.  Federal Defendants admit that the Stanislaus Forest-wide Roads Analysis reported a deferred

18   maintenance backlog of $55.5 million.  Except as expressly admitted, Federal Defendants deny the

19   allegations in the second sentence of Paragraph 69.

20   70.   The Federal Defendants deny the allegations of Paragraph 70.

21   71.   The Federal Defendants deny the allegations of Paragraph 71.  Federal Defendants deny

22   that the EIS fails to adequately analyze the environmental impacts of the proposed action.

23   **RESPONSE TO COUNT FOUR**

24   72.   The Federal Defendants repeat and reassert their responses to all preceding paragraphs as

25   if fully set forth herein.

26   73.   The allegations in the first sentence of Paragraph 73 consist of legal conclusions to which

27   no response is required.  The allegations characterize the Travel Management Rule, Executive Order

28

13

1  11644 and Executive Order 11989 which speak for themselves and are the best evidence of their

2  contents. Federal Defendants deny any allegations not consistent with those documents. The Federal

3  Defendants deny the allegations in the second sentence of Paragraph 73. Federal Defendants deny that

4  these Executive Orders create an obligation enforceable by Plaintiffs.

5       74.    The Federal Defendants deny the allegations in the first and second sentences of

6  Paragraph 74 of the Complaint. In response to the third sentence of Paragraph 74, the Federal

7  Defendants admit that two of the five alternatives analyzed in detail in the EIS would provide more

8  protection of forest resources than the selected alternative, but deny the remaining allegations of the

9  third sentence of Paragraph 74, including the implied allegation that the selected alternative will not

10  provide protection of forest resources or comply with all legal requirements. Federal Defendants further

11  deny that the Forest was required to select the most protective alternative.

12       75.    The Federal Defendants admit that Plaintiffs and some members of the public conducted

13  surveys. Also in response to the first sentence of Paragraph 75, the Federal Defendants admit that

14  Plaintiffs and others provided information concerning specific roads and OHV routes that was used to

15  identify areas for further investigation and analysis by Forest Service interdisciplinary team members.

16  Except as expressly admitted, Federal Defendants deny the allegations in the first sentence of Paragraph

17  45. Federal Defendants aver that field review of this information sometimes revealed inaccuracies as

18  well as less environmental impact than was asserted in Plaintiffs' "evidence". The Federal Defendants

19  deny the allegations in the second sentence of Paragraph 75.

20       76.    The Federal Defendants deny the allegations of Paragraph 76. Federal Defendants deny

21  that the decisions in the ROD are not supported by the information compiled during the NEPA process.

22       77.    The Federal Defendants deny the allegations of Paragraph 77.

23       78.    Paragraph 78 consists of legal conclusions to which no response is required. Federal

24  Defendants deny that they failed to satisfy their obligations under the Travel Management Rule.

25       79.    The Federal Defendants deny the allegations of Paragraph 79.

26         **RESPONSE TO COUNT FIVE**

27       80.    The Federal Defendants repeat and reassert their responses to all preceding paragraphs as

28

      14

1    if fully set forth herein.

2       81.    Paragraph 81 consists of legal conclusions to which no response is required. The

3    allegations characterize provisions of the National Forest Management Act which speak for themselves

4    and are the best evidence of their contents.

5       82.    The Federal Defendants deny the allegations in the first sentence of Paragraph 82. The

6    Federal Defendants admit the allegations in the second sentence of Paragraph 82. In response to the

7    allegations in the third sentence of Paragraph 82, the Federal Defendants admit that the Sierra Nevada

8    Forest Plan Amendments ("SNFPA") in 2001 and 2004 amended the forest plans for the national forests

9    with lands in the Sierra Nevada, including the Stanislaus National Forest but deny that the SNFPA is a

10    regional plan. The Federal Defendants deny the allegations in the fourth sentence of Paragraph 82 and

11    aver that projects approved on the Forest must comply with the Stanislaus National Forest Land and

12    Resource Management Plan, as amended ("Stanislaus LRMP").

13       83.    The Federal Defendants deny the allegations in the first sentence of Paragraph 83. The

14    Federal Defendants admit the allegations in the second sentence of Paragraph 83. The remaining

15    allegations of Paragraph 83 characterize the SNFPA which speaks for itself and is the best evidence of

16    its contents. Federal Defendants deny any allegations not consistent with those documents.

17       84.    The allegations in the first sentence of Paragraph 84 characterize the SNFPA which

18    speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations not

19    consistent with those documents. The Federal Defendants admit the allegations in the second sentence of

20    Paragraph 84.

21       85.    The Federal Defendants deny the allegations of Paragraph 85.

22       86.    Paragraph 86 consists of legal conclusions to which no response is required. Federal

23    Defendants deny that the ROD is inconsistent with the Stanislaus LRMP or that they have violated

24    NFMA.

25                    **RESPONSE TO PRAYER FOR RELIEF**

26       The remaining paragraphs of Plaintiffs' complaint set forth Plaintiffs' request for relief to which

27    no response is required. Federal Defendants deny that Plaintiffs are entitled to the requested relief or

28

any relief whatsoever.  Federal Defendants further deny that some of the relief could be granted even if Plaintiffs prevailed in proving their claims.

## GENERAL DENIAL

Federal Defendants deny any allegations of the Complaint, express or implied, that are not expressly admitted, denied, or qualified herein.

## DEFENSES

### First Defense

Some or all of the Plaintiffs may lack standing to pursue some or all of the claims alleged.

### Second Defense

Plaintiffs have failed to state a claim upon which can be granted as to one or more of their claims.

WHEREFORE, the Federal Defendants request that the Court dismiss Plaintiffs' Complaint or enter judgment in favor of the Federal Defendants and grant such other relief as may be appropriate.

October 27, 2010                    Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division


/s/ Cynthia S. Huber
Cynthia S. Huber
Assistant Section Chief
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
Benjamin Franklin Station, P.O. Box 663
Washington, D.C.  20044-0663
Telephone: (202) 514-5273
Facsimile: (202) 305-0506
Cynthia.Huber@usdoj.gov


Counsel for Federal Defendants

16

CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2010, I electronically transmitted the Federal Defendants'

Answer to the Complaint to the Clerk's Office using the CM/ECF System for filing and transmittal of a

Notice of Electronic Filing to the following CM/ECF registrants:

Gregory C. Loarie
Earthjustice
gloarie@earthjustice.org

Erin M. Tobin
Earthjustice
etobin@earthjustice.org

/s/ Cynthia S. Huber
Attorney for Federal Defendants

17