PAUL A. TURCKE (applicant *pro hac vice*)  
MOORE SMITH BUXTON & TURCKE,  
CHARTERED  
950 West Bannock Street, Suite 520  
Boise, Idaho 83702  
Telephone: (208) 331-1800  
Facsimile: (208) 331-1202  
pat@msbtlaw.com  

DENNIS PORTER (Cal. Bar #67176)  
Attorney at Law  
8120 36th Avenue  
Sacramento, CA 95824-2304  
Telephone: (916) 381-8300  
Facsimile: (916) 381-8726  
dlporter2@yahoo.com  

Attorneys for Defendant-Intervenors-Applicants

IN THE UNITED STATES DISTRICT COURT  
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL SIERRA ENVIRONMENTAL RESOURCE CENTER, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE, et al.,<br><br>        Defendants,<br><br>and<br><br>CALIFORNIA ASSOC. OF 4 WHEEL DRIVE CLUBS, MERCED DIRT RIDERS, MODESTO HOUNDSMEN, DISTRICT 36 MOTORCYCLE SPORTS COMMITTEE, CALIFORNIA OFF ROAD VEHICLE ASSOC., and THE BLUERIBBON COALITION,<br><br>        Defendant-Intervenor-Applicants. | Case No. CV-10-2172-FCD-GGH<br><br>(PROPOSED)<br>ANSWER OF INTERVENOR-APPLICANTS RECREATION GROUPS |

Defendant-Intervenor-Applicants the California Association of 4 Wheel Drive Clubs, Merced Dirt Riders, American Motorcyclist Association District 36, and BlueRibbon Coalition (collectively the "Recreation Groups") hereby answer the Plaintiff's Amended Complaint (Doc. No. 1) using the same numbering scheme as in Plaintiffs' Complaint. Unless specific responses to individual sentences or allegations are indicated, the response herein applies to the entire

(PROPOSED)  
ANSWER OF INTERVENOR-APPLICANTS RECREATION GROUPS - Page 1

corresponding paragraph of the Complaint. The Recreation Groups admit, deny, and allege as follows:

1. [Introduction]. Introductory statements characterizing the nature of the action and Plaintiffs' claims requiring no response; deny to the extent a response is required.

2-3. [Jurisdiction and Venue]. Present legal conclusions requiring no response; deny to the extent a response is required.

4. Admit that Plaintiffs filed comments and appeals and that administrative appeals were denied, and otherwise presents legal conclusions requiring no response and deny to the extent a response is required.

5. Presents legal conclusions requiring no response; deny to the extent a response is required.

6-11. [Parties]. Lack information sufficient to admit or deny and therefore deny.

12-14. Admit.

15-17. [Background]. Admit.

18. The cited authorities speak for themselves, are the best evidence of their contents, and otherwise lack information sufficient to admit or deny and therefore deny.

19. Generally admit the Stanislaus provides habitats for many species including amphibians and plans and otherwise lack information sufficient to admit or deny and therefore deny.

20. First Sentence: Admit the Stanislaus is popular destination for recreationists, many of whom use vehicles as the object of and/or to facilitate their chosen recreation, and otherwise deny. Second Sentence: Admit that applicable regulation defines "off-road vehicle" as stated in paragraph 20. Third Sentence: Deny.

21. First Sentence: Admit. Remainder of Par. 21: Admit that myriad roads and trails exist and reflect varying planning processes and affirmatively allege that some routes which have historically existed and received motorized (and nonmotorized) travel were not the product of a formal planning process including public involvement. The term National Forest Transportation System and the related colloquial term "system routes" reflect(s) legal conclusions to which no response is required, and the Recreation Groups deny those allegations using such term(s) to the extent a response is required.

22. Admit, and affirmatively allege that routes created by forest visitors were not created illegally when the Forest was an "open" forest in which activities, including vehicle travel, were allowed unless specifically prohibited.

23-25. Deny.

26. Admit that all human activity, including ORV travel, presents the possibility of injury to or safety concerns affecting other humans, and otherwise deny.

27. Admit that then-Forest Service Chief Dale Bosworth publicly identified "unmanaged recreation" as one of four key threats facing the National Forests and grasslands, and otherwise deny.

28-38. [Legal Framework]. The cited authorities speak for themselves and are the best evidence of their contents. Present legal conclusions requiring no response; deny to the extent a response is required.

39. [Procedural History]. First Sentence: Lack information sufficient to admit or deny and therefore deny. Second Sentence: Admit that the Regional Office sent communication to the Stanislaus Forest addressing cross-country vehicle travel, which speaks for itself and is the best evidence of its contents, and deny any legal conclusions advanced or implied. Third

Sentence: Deny. Fourth Sentence: Deny, but affirmatively allege that where cross-country travel has occurred or is formally authorized that "user-created" routes have been created, on the Stanislaus and other forests.

40. Admit that the Forest Service, including the Stanislaus Forest, regularly monitors and depicts information regarding roads, trails, and other features through INFRA and that INFRA, on the Stanislaus and other Forests, typically is incomplete and contains errors or inconsistencies, and otherwise deny.

41. Admit that the Stanislaus Forest has attempted to inventory unauthorized ORV routes, otherwise lack information sufficient to admit or deny and therefore deny, note that the Fourth Sentence presents legal conclusions requiring no response and deny to the extent a response is required, and affirmatively allege that the term "unauthorized route" is a defined term in the Travel Management Rule which is not synonymous with "illegal route" and can include routes that were legally created during the Forest's "open" status which were never added to the formally-designated transportation system.

42. Admit that the Forest issued the NOI, which speaks for itself and is the best evidence of its contents, deny any legal conclusions advanced or implied and otherwise deny.

43. Admit that the Forest issued the DEIS, which speaks for itself and is the best evidence of its contents, deny any legal conclusions advanced or implied and otherwise deny.

44-45. Admit that Plaintiffs, along with many other interested members of the public, participated in the travel planning process, and otherwise deny.

46. First Sentence: Admit. Remainder of Par. 46: Characterize the complaint and present legal conclusions requiring no response; deny to the extent a response is required.

(PROPOSED)
ANSWER OF INTERVENOR-APPLICANTS RECREATION GROUPS - Page 4

47-48.  Characterize the complaint and present legal conclusions requiring no response; deny to the extent a response is required.

49.  Admit the Regional office denied administrative appeals from the ROD/FEIS, and otherwise deny.

50.  [First Claim for Relief – NEPA/APA].  The answers to the referenced paragraphs are hereby incorporated by reference.

51-53.  Characterize the cited authorities and/or present legal interpretations requiring no response; deny to the extent a response is required.

54-56.  Present legal conclusions requiring no response; deny to the extent a response is required.

57.  [Second Claim for Relief – NEPA/APA].  The answers to the referenced paragraphs are hereby incorporated by reference.

58-60.  Characterize the cited authorities and/or present legal interpretations requiring no response; deny to the extent a response is required.

61-63.  Present legal conclusions requiring no response; deny to the extent a response is required.

64.  [Third Claim for Relief – NEPA/APA].  The answers to the referenced paragraphs are hereby incorporated by reference.

65.  Characterizes the cited authorities and/or present legal interpretations requiring no response; deny to the extent a response is required.

66-71.  Present legal conclusions requiring no response; deny to the extent a response is required.

72. [Fourth Claim for Relief – EOs/Regulations/APA]. The answers to the referenced paragraphs are hereby incorporated by reference.

73. Characterizes the cited authorities and/or present legal interpretations requiring no response; deny to the extent a response is required.

74-79. Present legal conclusions requiring no response; deny to the extent a response is required.

80. [Fifth Claim for Relief – NFMA/Forest Plan/APA]. The answers to the referenced paragraphs are hereby incorporated by reference.

81-82. Characterize the cited authorities and/or present legal interpretations requiring no response; deny to the extent a response is required.

83-86. Present legal conclusions requiring no response; deny to the extent a response is required.

**RESPONSE TO REQUEST FOR RELIEF**

Plaintiffs' Request for Relief presents legal conclusions requiring no response; deny to the extent a response is required, and further deny that Plaintiffs are entitled to any relief or to some aspects of the relief requested even should Plaintiffs prevail.

**GENERAL DENIAL**

The Recreation Groups deny each and every allegation in the Complaint not expressly admitted above.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs fail to validly invoke the Court's subject matter jurisdiction.

3. The matters addressed in Plaintiffs' Amended Complaint are not ripe for judicial

(PROPOSED)
ANSWER OF INTERVENOR-APPLICANTS RECREATION GROUPS - Page 6

review.

4. Plaintiffs lack standing.

5. Plaintiffs' action, or portions thereof, are barred by the statute of limitations.

6. Plaintiffs have failed to exhaust administrative remedies.

**REQUEST FOR RELIEF**

Wherefore, having fully answered the allegations in Plaintiffs' Complaint, the Recreation Groups pray for judgment and ask the Court to rule, adjudge and grant relief as follows:

1. Dismiss Plaintiffs' Amended Complaint with prejudice and deny each and all claims for relief;

2. Enter judgment on behalf of Defendants and the Recreation Groups, and against Plaintiffs;

3. Such further and additional relief as the Court deems just and proper.

DATED this 8th day of December, 2010.

    MOORE SMITH BUXTON & TURCKE, CHTD.

    /s/
    Paul A. Turcke

    DENNIS L. PORTER, ATTORNEY AT LAW

    /s/
    Dennis L. Porter

    Attorneys for Defendant-Intervenor Applicants