PAUL A. TURCKE (applicant *pro hac vice*)
MOORE SMITH BUXTON & TURCKE, CHARTERED
950 West Bannock Street, Suite 520
Boise, Idaho 83702
Telephone: (208) 331-1800
Facsimile: (208) 331-1202
pat@msbtlaw.com

DENNIS PORTER (Cal. Bar #67176)
Attorney at Law
8120 36th Avenue
Sacramento, CA 95824-2304
Telephone: (916) 381-8300
Facsimile: (916) 381-8726
dlporter2@yahoo.com

Attorneys for Defendant-Intervenors-Applicants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL SIERRA ENVIRONMENTAL RESOURCE CENTER, et al.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE, et al.<br><br>　　　　Defendants,<br><br>and<br><br>CALIFORNIA ASSOC. OF 4 WHEEL DRIVE CLUBS, MERCED DIRT RIDERS, MODESTO HOUNDSMEN, DISTRICT 36 MOTORCYCLE SPORTS COMMITTEE, CALIFORNIA OFF ROAD VEHICLE ASSOC., and THE BLUERIBBON COALITION,<br><br>　　　　Defendant-Intervenor-Applicants. | Case No. CV-10-2172-FCD-GGH<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE<br><br>Hearing Date: January 28, 2011<br>Time: 10:00 a.m.<br>Dept.: Courtroom 2, 15th Floor<br>The Hon. Frank C. Damrell, Jr. |

## I. INTRODUCTION

The California Association of 4 Wheel Drive Clubs, Merced Dirt Riders, Modesto Houndsmen, American District 36 Motorcycle Sports Committee, and BlueRibbon Coalition

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO INTERVENE - Page 1

("the Recreation Groups") submit this Memorandum to support their Motion to Intervene in the above-captioned case. Counsel for the Recreation Groups has communicated with counsel for the other parties regarding the motion. Both Defendants' and Plaintiffs' counsel have indicated they wish to review the intervention pleadings before determining whether to take a position.

## II. BACKGROUND

This case involves challenges to Forest Service designation of roads, trails and areas for motorized vehicle travel on the Stanislaus National Forest. The challenged decision was issued via a Record of Decision for the Forest's Public Wheeled Motorized Travel Management Plan dated November 12, 2009, and the associated Final Environmental Impact Statement. This case and the challenged agency decision fit within a broader context of travel management in the National Forest System. *See*, *generally*, Travel Management; Designated Routes and Areas for Motor Vehicle Use, 70 Fed.Reg. 68264-68291 (Nov. 9, 2005). The Recreation Groups and their members appropriately wish to attain party status as intervenors in order to defend their legally-protected interests in the subject matter of this action.

## III. ARGUMENT

**A. The Court Should Exercise Discretion to Allow Permissive Intervention Under Fed. R. Civ. P. 24(b).**

The simplest resolution of the motion is for the Court to allow the Recreation Groups to enter the case under Fed.R.Civ.P. 24(b). That rule states:

> (1) On timely motion, the court may permit anyone to intervene who…(B) has a claim or defense that shares with the main action a common question of law or fact. . . .(3) In exercising its discretion the Court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO INTERVENE - Page 2

Fed.R.Civ.P.24(b). The Ninth Circuit has noted that permissive intervention presents a lesser "interest" requirement than intervention as of right. *Kootenai Tribe v. Veneman*, 313 F.3d 1094, 1110 (9th Cir. 2002).

This case parallels the permissive intervention analysis in *Kootenai Tribe* and similar public lands cases. The motion has been timely filed. Federal Defendants have recently answered the complaint and the Court has established a litigation schedule, but none of the substantive issues have been raised. The Recreation Groups will abide by the established schedule and will not complicate the litigation or otherwise prejudice any party. The Recreation Groups possess recreational and aesthetic interests "related to" the management schemes at issue, and hope to assert defenses "directly responsive" to Plaintiffs' claims. *Kootenai Tribe*, 313 F.3d at 1110; *see generally*, Declarations of Amy Granat, Michael Damaso, Don Amador (filed contemporaneously herewith). The Recreation Groups should fare no worse than intervenor-appellants in *Kootenai Tribe*, where the Circuit concluded "it was within the district court's discretion to decide whether to permit them to participate." *Id.* In this case involving important public lands management issues, "the presence of intervenors [might] assist the court in its orderly procedure leading to the resolution of this case, which impact[s] large and varied interests." *Id.* at 1111. The Court can properly exercise discretion under Rule 24(b) to allow permissive intervention and afford the Recreation Groups full party status in all aspects of this case.

The Court could properly reach conclusions similar to those of the district court in *Kootenai Tribe*. Indeed, such an outcome is not only within the Court's discretion, but arguably advances sound policy considerations in important matters such as these involving public lands.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO INTERVENE - Page 3

The Recreation Groups' long standing involvement in these issues in the Stanislaus and other National Forests should not end at the courthouse door. The motion to intervene is appropriately resolved by allowing the Recreation Groups permissive intervention in this matter with full rights as a party.

### B. The Recreation Groups May Also Intervene As Of Right.

If the Court allows permissive intervention, that result will end the intervention analysis. Should it become necessary to pursue further analysis, the Recreation Groups maintain that intervention "as of right" should be proper under Fed. R. Civ. P. 24(a), which provides:

> On timely motion, the court must permit anyone to intervene who:…(2) claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect that interest, unless existing parties adequately represented that interest.

Fed.R.Civ.P. 24(a)(2); *see also*, *Scotts Valley Band of Pomo Indians v. United States*, 921 F.2d 924, 926 (9th Cir. 1990). The Ninth Circuit has followed a "none but a federal defendant" rule in some other public lands cases and ruled that would-be nonfederal intervenors do not possess the requisite interest to intervene "as of right" under Rule 24(a). *See Kootenai Tribe*, 313 F.3d at 1108 (addressing rule in litigation focusing on National Environmental Policy Act ("NEPA")). Under this rule, a nonfederal party cannot assert *any* interest meeting Rule 24(a)'s "interest prong" because "the federal government is the only proper defendant in an action to compel compliance with NEPA." *Wetlands Action Network v. U.S. Army Corps of Engineers*, 222 F.3d 1105, 1114 (9th Cir. 2000). This rationale has been extended to limit Rule 24(a) intervention in cases involving public lands statutes other than NEPA where the relevant statutory language arguably governs only the conduct of the federal government. *See, e.g.*, *Southwest Center for*

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO INTERVENE - Page 4

*Biological Diversity v. U.S. Forest Service*, 82 F.Supp.2d 1070, 1073-1074 (D.Ariz. 2000) (limiting interested private parties' intervention to remedial phase in ESA litigation). In the event that some record on this issue might be appropriate[1] the Recreation Groups will present Rule 24(a) intervention arguments as an alternative basis for intervention here.

### 1. The Recreation Groups hold sufficient interests in the subject matter of this action.

The Recreation Groups satisfy any other of the available interest tests other than the "none but a federal defendant rule." "The 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980). It is a threshold test, not "the determinative criterion for intervention . . . ." *Id.*; *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129, 135-36, 875 S.Ct. 932, 937 (1967) (interest claimed by the applicant in intervention does not have to be a direct interest in the property or transaction at issue, provided that it is an interest that would be impaired by the outcome); *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542 (1971) (Rule 24(a) "obviously" refers to a "significantly protectable interest"). In the resource-management context, where one interest group supports an agency decision and the other opposes it, and where both groups actively participated in the administrative process leading to the challenged agency action, the group supporting the agency decision has been entitled to intervene as a

---

[1] The continuing validity of the "none but a federal defendant rule" will be considered before a Ninth Circuit *en banc* panel on December 13, 2010. *See*, http://www.ca9.uscourts.gov/enbanc/ (including *Wilderness Soc'y v. U.S. Forest Service*, 9th Cir. No. 09-35200 (D.Idaho No. CV-08-363-EJL).

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO INTERVENE - Page 5

matter of right. *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 526-28 (9th Cir. 1983), *aff'd following remand*, 790 F.2d 760 (9th Cir. 1986).[2]

The "none but a federal defendant" rule cases have never meaningfully distinguished the above-cited precedent. The "none but a federal defendant" rule was first announced by the Ninth Circuit in *Portland Audubon Soc'y v. Hodel*, 866 F.2d 302 (9th Cir. 1988). In stark contrast to its present-day expansion, the rule was only applied to NEPA claims and the rationale wholly dependent upon characterizing timber industry applicants as holding "purely economic interests" in the outcome of the suit. *Portland Audubon*. 866 F.2d at 309; *see also*, *id.* at 304, 308 (indicating intervention granted for "certain of the plaintiff's claims" including under substantive statutes such as the Federal Land Policy and Management Act). Never has the Circuit adequately explained why the narrow rule of *Portland Audubon* has been extended to preclude intervention by <u>all</u> forms of private interests to both procedural claims under NEPA as well as substantive claims under other "environmental" laws, particularly when the applicant asserts virtually the same type of recreational and aesthetic interests as the plaintiff(s).

The Recreation Groups and its members have legally-protectable interests relating to sound management of recreation associated with motorized vehicle access. *See*, *e.g.*, Declarations of Don Amador at ¶¶ 5-6; Michael Damaso at ¶¶ 3-5; Caleb Ashby at ¶¶ 4-6. The Recreation Groups possess interests equivalent to, if not broader than, those Plaintiffs must rely upon to establish standing. While perhaps not its intent, the practical effect of a "none but a

---

[2] *Sagebrush Rebellion* is not a perfect analogy to the present case. While the Recreation Groups are seeking to participate in this case as defendant-intervenors, the underlying travel plan is far from what the Recreation Groups sought. As is regularly the case, the travel plan eliminated existing and historical access along many routes and to extensive areas of the Forest.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO INTERVENE - Page 6

federal defendant" rule that would prevent intervention here is to reward those most disgruntled and most litigious for file suit, where, unlike the administrative process, their complaints will be singularly considered by the agency and the court.

If Plaintiffs can satisfy standing requirements then the Recreation Groups must satisfy any "interest" requirement of Rule 24(a).  Whether the necessary interest is defined as concrete, significant, significantly protectable, article III standing, or any other formulation from the spectrum of cases, the Recreation Groups satisfy all such tests.

### 2.     The Recreation Groups meet the impairment requirement.

Plaintiffs seek to have set aside the agency action which authorizes the Recreation Groups' access to the Forest.  *See*, *e.g.*, Declaration of Dave Pickett at ¶ 5.  The Recreation Groups members' uses could thus be prohibited if Plaintiffs' remedy is granted.  Restriction or prohibition of these uses and the related recreational, aesthetic and participatory interests qualifies as impairment.

If Plaintiffs prevail on any of their theories, the contours of any relief, including possible injunctive relief, are unknown.  The Recreation Groups will have no ability to provide input on or challenge an injunction while it remains in effect unless they obtain status as a party.  *See Forest Conservation Council v. U.S. Forest Service*, 66 F.3d 1489, 1498 (9th Cir. 1995).  The potential *stare decisis* effect of a judgment in this case provides sufficient impairment to justify intervention.  *Id.*; *Natural Resources Defense Council, Inc. v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (9th Cir. 1978); *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1993).  The Recreation Groups meet the "minimal" impairment requirement.

### 3.     The existing parties do not adequately represent the interests of the Recreation Groups.

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO INTERVENE - Page 7

All parties represent starkly different interests. Generally, courts should find favorably on this prong of the Rule 24(a) analysis if there is any question at all about whether existing parties adequately represent the would-be intervenor's interests. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 636 n.10 (1972); *Sagebrush Rebellion,* 713 F.3d at 528. Courts have considered: (1) whether the interests of a present party are such that the party will undoubtedly make all of the intervenor's arguments; (2) if so, whether the present party is capable of and willing to make those arguments; and (3) whether the would-be intervenor would offer any necessary element to the proceedings that the other parties would neglect. *County of Fresno*, 622 F.2d at 438-39. Intervention should be approved where possible conflicts of interest may arise. *State of New Mexico v. Aamodt*, 537 F.2d 1102 (10th Cir. 1976), *cert. denied*, 429 U.S. 1121, 97 S.Ct. 1157 (1977) (Indian tribes granted intervention in water rights litigation despite being represented by government counsel due to potential conflict of interest between tribe and government).

Even a vigorous defense of the agency decision might somehow not survive, or change during, the "recurrent event in our system of government" of changing "from one presidential administration to another…." *Sagebrush Rebellion*, 713 F.2d at 528. The Recreation Groups simply wish to be more rather than less informed about the parties' positions and preserve a full range of future options. Any nonfederal interest will be unable to respond absent timely intervention in the early stages of the case. Of course none of these propositions are solely applicable to "multiple use" interests, but protect the participation and interests of preservationist groups as well. *See*, *e.g.*, *Kootenai Tribe,* 313 F.3d at 1107 (2001 Roadless Rule defended by private preservationist interests but not by Federal Defendants who declined to appeal);

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO INTERVENE - Page 8

*Wyoming v. U.S. Dept. of Agriculture*, 277 F.Supp.2d 1197, 1238 (D.Wyo. 2003), *vacated and remanded*, 414 F.3d 1207 (10th Cir. 2005) (district court declared unlawful and set aside 2001 Roadless Rule, preservationist intervenors brought sole appeal, and Circuit Court declared appeal moot and vacated decision based on Federal Defendant-Appellee's assertions that 2001 Roadless Rule had been repealed and was incapable of being resurrected). Suffice it to say that litigation can take unusual and unexpected turns and that nonfederal interests cannot be defended, let alone advanced, absent the ability to attain party status in the initial stages of potentially long-running public lands cases.

### 4. Even the "none but a federal defendant rule" contemplates limited intervention.

Even where the "none but a federal defendant" rule applies, nonfederal parties are still allowed to fully intervene in the "remedy phase" of public lands and environmental litigation. *Forest Conservation Council*, 66 F.3d at 1494. Thus, the worst case scenario for a would-be intervenor demonstrating tangible interests in the outcome of a case such as this should be to receive *amicus* status on liability issues and full-party status in any remedy phase necessitated by a court's ruling on liability.

### 5. The "none but a federal defendant rule" is a minority position in a Circuit split.

While counsel, and this Court, must acknowledge the Circuit's "none but a federal defendant" rule, counsel does not believe that those decisions limiting intervention are correctly decided. Several circuits have refused to follow, if not flatly rejected, the Ninth Circuit's reasoning. *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1253-54 (10th Cir. 2001); *Mausolf v. Babbitt*, 85 F.3d 1295, 1301 (8th Cir. 1996); *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir.

1994); *Kleissler v. U.S. Forest Service*, 157 F.3d 964, 971-972 (3rd Cir. 1998); *Conservation Law Found. v. Mosbacher*, 966 F.2d 39 (1st Cir. 1992).  A decision allowing permissive intervention avoids any unnecessary controversy on this issue.  That said, the "none but a federal defendant" rule is bad law and worse policy which the Circuit should revisit.

## IV. CONCLUSION

This action potentially threatens varied interests of Recreation Groups and their members, who wish to see Defendants prevail and Plaintiffs' claims rejected.  Should Plaintiffs prevail, their desired injunctive relief threatens the Recreation Groups' present access to important and unique portions of the Stanislaus National Forest.  Such a request necessarily involves both the managing federal agencies and the affected private user groups.   Federal Defendants cannot be expected to raise the same issues and concerns as the Recreation Groups, but those Groups and their members would suffer the present, future, and preclusive effect of any resolution to Plaintiffs' claims.  The Recreation Groups should be allowed to intervene in this litigation.

Respectfully submitted this 8th day of December, 2010.

MOORE SMITH BUXTON & TURCKE, CHTD.

/s/
Paul A. Turcke

DENNIS L. PORTER, ATTORNEY AT LAW

/s/ Dennis L. Porter
Dennis L. Porter

Attorneys for Defendant-Intervenor Applicants

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO INTERVENE - Page 10