PAUL A. TURCKE (applicant *pro hac vice*)
MOORE SMITH BUXTON & TURCKE, CHARTERED
950 West Bannock Street, Suite 520
Boise, Idaho 83702
Telephone: (208) 331-1800
Facsimile: (208) 331-1202
pat@msbtlaw.com

DENNIS PORTER (Cal. Bar #67176)
Attorney at Law
8120 36th Avenue
Sacramento, CA 95824-2304
Telephone: (916) 381-8300
Facsimile: (916) 381-8726
dlporter2@yahoo.com

Attorneys for Defendant-Intervenors-Applicants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL SIERRA ENVIRONMENTAL RESOURCE CENTER, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE, et al.<br><br>Defendants,<br><br>and<br><br>CALIFORNIA OUTDOOR HERITAGE ALLIANCE, CALIFORNIA ASSOC. OF 4 WHEEL DRIVE CLUBS, MERCED DIRT RIDERS, MODESTO HOUNDSMEN, DISTRICT 36 MOTORCYCLE SPORTS COMMITTEE, CALIFORNIA OFF ROAD VEHICLE ASSOC., and THE BLUERIBBON COALITION,<br><br>Defendant-Intervenor-Applicants. | Case No. CV-10-2172-FCD-GGH<br><br>DECLARATION OF DON AMADOR IN SUPPORT OF MOTION TO INTERVENE |

1. My name is Don Amador, and I reside in Oakley, California. I am a member of the BlueRibbon Coalition ("BlueRibbon") and presently serve as BlueRibbon's Western Representative. I have reviewed the complaint on file in this case, am over the age of majority and am otherwise competent to testify to the matters described herein.

DECLARATION OF DON AMADOR
IN SUPPORT OF MOTION TO INTERVENE - Page 1

2. I am an avid outdoor enthusiast and regularly visit Forest Service-managed lands for a variety of recreational and aesthetic pursuits, including camping, hunting, fishing, photography, wildlife viewing, off-road vehicle use, and other similar interests. I have operated off-highway vehicles ("OHVs") on roads and trails within National Forests throughout California and other western states, including the Stanislaus National Forest, and have future plans to continue such activity to the extent authorized by the Forest Service.

3. BlueRibbon is an Idaho nonprofit corporation with over 10,000 individual, business and organizational members representing approximately 600,000 individuals nationwide. BlueRibbon members use motorized and non-motorized means, including off-highway vehicles, snowmobiles, horses, mountain bikes, and hiking, to access state and federally-managed lands throughout the United States, including those in the Stanislaus National Forest at issue in this suit. Our members, including myself, have concrete plans to enjoy future OHV access to the Stanislaus National Forest at issue in this case, to the full extent authorized by the Forest Service.

4. BlueRibbon has a long-standing interest in the protection of the values and natural resources found on these lands, and regularly works with land managers to provide recreation opportunities, preserve resources, and promote cooperation between public land visitors. BlueRibbon supports the Stanislaus National Forest and other Forests receiving trail maintenance, law enforcement, and restoration grants from the California Off Highway Motor Vehicle Recreation Division of California State Parks. BlueRibbon also prioritizes educating its members and the general public about responsible motorized and non-motorized off-highway recreation.

DECLARATION OF DON AMADOR
IN SUPPORT OF MOTION TO INTERVENE - Page 2

5. BlueRibbon members regularly visit the national forests, including the Stanislaus National Forest, with family and friends. We utilize various means of access on these trips, including automobile, four-wheel-drive pickup, all-terrain vehicle, snowmobile and hiking. These means of access are intrinsically entertaining and rewarding to us, but they also facilitate our pursuit and enjoyment of other outdoor activities such as camping, photography, wildlife viewing, permitted and non-permitted off-road vehicle use/events, sightseeing, and other similar interests. We do not ride merely to ride, but in many cases to gain access essential to other recreational activities.

6. I have reviewed the Complaint filed in this matter and conclude that Plaintiffs' requested relief could have profound negative impacts on BlueRibbon members' recreational and aesthetic interests, including my own. As I read Plaintiffs' Complaint, they contend the Forest Service has illegally authorized OHV access to public lands in various parts of the Stanislaus, and ask this Court to declare the travel plan to be unlawful, and to effectively re-write the plan to plaintiffs' satisfaction pending remand. Complaint (Doc. No. 1) at 22, Prayer for Relief, ¶ E ("enjoin the Forest Service from implementing the ROD as to the decision to add unauthorized motorized routes…and from allowing other motor vehicle use…that is contrary to law, as specifically requested by plaintiffs in the course of these proceedings….". These terms and conditions are ambiguous, but such an injunction would certainly restrict historical vehicle access which existed immediately prior to the travel plan. Should the Court grant any meaningful part of this relief such an order would have adverse effects on my chosen recreational access, associated recreational activities, and those of other BlueRibbon members.

DECLARATION OF DON AMADOR
IN SUPPORT OF MOTION TO INTERVENE - Page 3

7.   BlueRibbon, and its organizational and individual members, actively participated in the administrative process leading to adoption of the challenged travel plan. This included appearing at meetings, reviewing the planning documents, and submitting written comments.

8.   BlueRibbon attempts to maintain a cooperative relationship with all land management agencies, including the Stanislaus National Forest. At the same time, we understand that this agency and other Federal Defendants must balance issues, land uses and legal duties beyond those stressed by our members. On some occasions, these agencies have proposed or adopted decisions contrary to our input, which we have been forced to challenge through applicable opportunities for administrative and judicial review. In the challenged travel plan, there were many miles of existing and historically-open roads and trails that were closed by the Stanislaus' Forest decision. In our comments we recognized that restrictions from existing access were likely, but even those concessions were overlooked by the Forest as its final decision reflected significant, and we believe, unnecessary, additional reductions in vehicle access to the Forest.

9.   We are hopeful that Defendants will present a vigorous defense to Plaintiffs' claims in this case. Given the broad spectrum of interests potentially impacted by Plaintiffs' claims, we are concerned that the recreational interests represented by BlueRibbon be specifically defended in litigation or settlement of this action. Our legal interests in this action are not identical, and may be contrary to, Defendants' interests, and we anticipate a need to present different information and legal arguments than might be presented by some or all Defendants. We are particularly concerned about the prospect of settlement negotiations and wish to have a role in any possible settlement discussions. In settlement or formal litigation BlueRibbon

DECLARATION OF DON AMADOR
IN SUPPORT OF MOTION TO INTERVENE - Page 4

typically presents different issues, arguments, and evidence than that presented by governmental agencies' legal counsel. This reflects the fact that the Forest Service does not share the same ultimate objective in this, or any case, with BlueRibbon or other private parties. A "loss" for the Forest Service simply changes the manner in which they conduct their never-ending yet ever-changing management duties. A "loss" for BlueRibbon can mean elimination of personal, on-the-ground activity. For all of these reasons, BlueRibbon has determined it is essential to intervene and obtain party status in order to defend its legal rights at stake in this litigation.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 26 th day of October, 2010, at Oakley, California.

_____
Don Amador

DECLARATION OF DON AMADOR
IN SUPPORT OF MOTION TO INTERVENE - Page 5