PAUL A. TURCKE (applicant *pro hac vice*)
MOORE SMITH BUXTON & TURCKE, CHARTERED
950 West Bannock Street, Suite 520
Boise, Idaho 83702
Telephone: (208) 331-1800
Facsimile: (208) 331-1202
pat@msbtlaw.com

DENNIS PORTER (Cal. Bar #67176)
Attorney at Law
8120 36th Avenue
Sacramento, CA 95824-2304
Telephone: (916) 381-8300
Facsimile: (916) 381-8726
dlporter2@yahoo.com

Attorneys for Defendant-Intervenors-Applicants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

CENTRAL SIERRA ENVIRONMENTAL RESOURCE CENTER, et al.

    Plaintiffs,

vs.

UNITED STATES FOREST SERVICE, et al.

    Defendants,

and

CALIFORNIA OUTDOOR HERITAGE ALLIANCE, CALIFORNIA ASSOC. OF 4 WHEEL DRIVE CLUBS, MERCED DIRT RIDERS, MODESTO HOUNDSMEN, DISTRICT 36 MOTORCYCLE SPORTS COMMITTEE, CALIFORNIA OFF ROAD VEHICLE ASSOC., and THE BLUERIBBON COALITION,

    Defendant-Intervenor-Applicants.

Case No. CV-10-2172-FCD-GGH

DECLARATION OF MICHAEL DAMASO IN SUPPORT OF MOTION TO INTERVENE

1. My name is Michael Damaso, and I reside in Turlock, California. I am a member of the Merced Dirt Riders ("MDR") and presently serve as President of MDR. I have reviewed

DECLARATION OF MICHAEL DAMASO
IN SUPPORT OF MOTION TO INTERVENE - Page 1

the complaint on file in this case, am over the age of majority and am otherwise competent to testify to the matters described herein.

2. MDR is a family oriented motorcycle club which was formed in 1970's. As an organization, MDR is dedicated to the protection of the values and natural resources in varied lands, including the National Forest System and the Stanislaus National Forest. MDR regularly works with members, the public, property owners and land managers to provide recreation opportunities, preserve natural resources, and promote cooperation between public land visitors.

3. I am an avid outdoor enthusiast and my activities regularly include Forest Service-managed lands for a variety of recreational and aesthetic pursuits, including camping, hunting, fishing, target shooting, photography, wildlife viewing, off-road vehicle use, such as motorcycles and ATV's, and other similar interests. I have operated off-highway vehicles ("OHVs") on roads and trails within National Forests throughout California and other western states, including the Stanislaus National Forest, and have future plans to continue such activity to the extent authorized by the Forest Service. Other members of the MDR, due to age, physical condition, or other factors, would be unable to enjoy meaningful participation in their chosen activities without vehicular access to lands managed by the Forest Service. MDR members, including myself, have visited the Stanislaus NF using motorcycles and ATV's and have definite plans to do so in the future.

4. MDR is also an organizational member of the BlueRibbon Coalition, and I am personally a member of the BlueRibbon Coalition. MDR has participated alongside BlueRibbon in various administrative, public relations and litigation activities involving public lands access in California and other states. In particular, these efforts have included travel management in the administrative process involving the Stanislaus National Forest.

DECLARATION OF MICHAEL DAMASO
IN SUPPORT OF MOTION TO INTERVENE - Page 2

5.      I have reviewed the Complaint filed in this matter and conclude that Plaintiffs' requested relief could have profound negative impacts on MDR members' recreational and aesthetic interests, including my own.  As I read Plaintiffs' Complaint, they contend the Forest Service has illegally authorized OHV access to public lands in various parts of the Stanislaus, and ask this Court to declare the travel plan to be unlawful, and to effectively re-write the plan to plaintiffs' satisfaction pending remand.  Complaint (Doc. No. 1) at 22, Prayer for Relief, ¶ E ("enjoin the Forest Service from implementing the ROD as to the decision to add unauthorized motorized routes…and from allowing other motor vehicle use…that is contrary to law, as specifically requested by plaintiffs in the course of these proceedings….".  These terms and conditions are ambiguous, but such an injunction would certainly restrict historical vehicle access which existed immediately prior to the travel management plan.  Should the Court grant any meaningful part of this relief, such an order would have adverse effects on my chosen recreational access, associated recreational activities, and those of other MDR members.

6.      MDR and its members actively participated in the administrative process leading to adoption of the challenged travel management plan.  This included appearing at meetings, reviewing the planning documents, and submitting written comments.

7.      MDR attempts to maintain a cooperative relationship with all land management agencies, including the Stanislaus National Forest.  At the same time, we understand that this agency and other Federal Defendants must balance issues, land uses and legal duties beyond those stressed by our members.  On some occasions, these agencies have proposed or adopted decisions contrary to our input, which we have been forced to challenge through applicable

DECLARATION OF MICHAEL DAMASO
IN SUPPORT OF MOTION TO INTERVENE - Page 3

opportunities for administrative and judicial review.  In the challenged travel plan, there were many miles of existing and historically-open roads and trails that were closed by the Stanislaus' Forest decision.  In our comments we recognized that restrictions from existing access were likely, but even those concessions were overlooked by the Forest as its final decision reflected significant, and we believe, unnecessary, additional reductions in vehicle access to the Forest.

8.  We are hopeful that Defendants will present a vigorous defense to Plaintiffs' claims in this case.  Given the broad spectrum of interests potentially impacted by Plaintiffs' claims, we are concerned that the recreational interests represented by MDR be specifically defended in litigation or settlement of this action.  Our legal interests in this action are not identical, and may be contrary to, Defendants' interests, and we anticipate a need to present different information and legal arguments than might be presented by some or all Defendants.  We are particularly concerned about the prospect of settlement negotiations and wish to have a role in any possible settlement discussions.  In settlement or formal litigation MDR typically presents different issues, arguments, and evidence than that presented by governmental agencies' legal counsel.  This reflects the fact that the Forest Service does <u>not</u> share the same ultimate objective in this, or any case, with MDR or other private parties.  A "loss" for the Forest Service simply changes the manner in which they conduct their never-ending yet ever-changing management duties.  A "loss" for us can mean elimination of personal, on-the-ground activity.  For all of these reasons, MDR has determined it is essential to intervene and obtain party status in order to defend its legal rights at stake in this litigation.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DECLARATION OF MICHAEL DAMASO
IN SUPPORT OF MOTION TO INTERVENE - Page 4



DATED this 10th day of November, 2010, at Turlock, California.

*Michael Damaso*
_____
Michael Damaso

DECLARATION OF MICHAEL DAMASO
IN SUPPORT OF MOTION TO INTERVENE - Page 5