PAUL A. TURCKE (applicant *pro hac vice*)
MOORE SMITH BUXTON & TURCKE, CHARTERED
950 West Bannock Street, Suite 520
Boise, Idaho 83702
Telephone: (208) 331-1800
Facsimile: (208) 331-1202
pat@msbtlaw.com

DENNIS PORTER (Cal. Bar #67176)
Attorney at Law
8120 36th Avenue
Sacramento, CA 95824-2304
Telephone: (916) 381-8300
Facsimile: (916) 381-8726
dlporter2@yahoo.com

Attorneys for Defendant-Intervenors-Applicants

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL SIERRA ENVIRONMENTAL RESOURCE CENTER, et al.,<br><br>           Plaintiffs,<br>vs.<br><br>UNITED STATES FOREST SERVICE, et al.,<br><br>           Defendants,<br>and<br><br>CALIFORNIA OUTDOOR HERITAGE ALLIANCE, CALIFORNIA ASSOC. OF 4 WHEEL DRIVE CLUBS, MERCED DIRT RIDERS, MODESTO HOUNDSMEN, DISTRICT 36 MOTORCYCLE SPORTS COMMITTEE, CALIFORNIA OFF ROAD VEHICLE ASSOC., and THE BLUERIBBON COALITION,<br><br>           Defendant-Intervenor-Applicants. | Case No. CV-10-2172-FCD-GGH<br><br>DECLARATION OF AMY GRANAT IN SUPPORT OF MOTION TO INTERVENE |

1.      My name is Amy Granat, and I reside in Clarksburg, California. I am a member of the California Association of 4 Wheel Drive Clubs ("Cal4") and presently serve as Natural

DECLARATION OF AMY GRANAT
IN SUPPORT OF MOTION TO INTERVENE - Page 1

Resources Consultant to Cal4. I have reviewed the complaint on file in this case, am over the age of majority and am otherwise competent to testify to the matters described herein.

2. I am an avid outdoor enthusiast and regularly visit Forest Service-managed lands for a variety of recreational and aesthetic pursuits, including camping, hunting, fishing, photography, wildlife viewing, off-road vehicle use, and other similar interests. I have operated off-highway vehicles ("OHVs") on roads and trails within National Forests throughout California and other western states, including the Stanislaus National Forest, and have future plans to continue such activity to the extent authorized by the Forest Service.

3. Cal4 is a California mutual benefit corporation representing over 8,000 members and 160 clubs in the State of California. Cal4 members use motorized means to access and enjoy lands managed by the Forest Service throughout California. In particular, Cal4 members share a common interest in owning, maintaining, and operating stock or modified 4-wheel drive vehicles such as Jeeps and Broncos on dirt roads and trails. Cal4 members also include clubs and individuals whose primary mode of access is by "all terrain vehicle" or ATV. Our interest in our vehicles has its own rewards as we meet mechanical and navigational challenges. Our vehicular access also facilitates various outdoor activities, such as picnicking, camping, sightseeing, wildlife and nature study, hunting and fishing, and similar activities. Many Cal4 members, due to age, physical condition, or other factors, would be unable to enjoy meaningful participation in their chosen activities without vehicular access to lands managed by the Forest Service. Cal4 members, including myself, have visited the Stanislaus using four-wheel drive vehicle and have definite plans to do so in the future.

DECLARATION OF AMY GRANAT
IN SUPPORT OF MOTION TO INTERVENE - Page 2

4.      Cal4 is also an organizational member of the BlueRibbon Coalition. Cal4 has participated alongside BlueRibbon in various administrative, public relations and litigation activities involving public lands access in California and beyond. In particular, these efforts have included travel management in the administrative process involving the Stanislaus National Forest.

5.      As an organization, Cal4 is dedicated to the protection of the values and natural resources in the Stanislaus National Forest and regularly works with land managers to provide recreation opportunities, preserve natural resources, and promote cooperation between public land visitors.

6.      I have reviewed the Complaint filed in this matter and conclude that Plaintiffs' requested relief could have profound negative impacts on Cal4 members' recreational and aesthetic interests, including my own. As I read Plaintiffs' Complaint, they contend the Forest Service has illegally authorized OHV access to public lands in various parts of the Stanislaus, and ask this Court to declare the travel plan to be unlawful, and to effectively re-write the plan to plaintiffs' satisfaction pending remand. Complaint (Doc. No. 1) at 22, Prayer for Relief, ¶ E ("enjoin the Forest Service from implementing the ROD as to the decision to add unauthorized motorized routes…and from allowing other motor vehicle use…that is contrary to law, as specifically requested by plaintiffs in the course of these proceedings….". These terms and conditions are ambiguous, but such an injunction would certainly restrict historical vehicle access which existed immediately prior to the travel plan. Should the Court grant any meaningful part of this relief such an order would have adverse effects on my chosen recreational access, associated recreational activities, and those of other Cal4 members.

DECLARATION OF AMY GRANAT
IN SUPPORT OF MOTION TO INTERVENE - Page 3

7. Cal4 and its members actively participated in the administrative process leading to adoption of the challenged travel plan. This included appearing at meetings, reviewing the planning documents, and submitting written comments.

8. Cal4 attempts to maintain a cooperative relationship with all land management agencies, including the Stanislaus National Forest. At the same time, we understand that this agency and other Federal Defendants must balance issues, land uses and legal duties beyond those stressed by our members. On some occasions, these agencies have proposed or adopted decisions contrary to our input, which we have been forced to challenge through applicable opportunities for administrative and judicial review. In the challenged travel plan, there were many miles of existing and historically-open roads and trails that were closed by the Stanislaus' Forest decision. In our comments we recognized that restrictions from existing access were likely, but even those concessions were overlooked by the Forest as its final decision reflected significant, and we believe, unnecessary, additional reductions in vehicle access to the Forest.

9. We are hopeful that Defendants will present a vigorous defense to Plaintiffs' claims in this case. Given the broad spectrum of interests potentially impacted by Plaintiffs' claims, we are concerned that the recreational interests represented by Cal4 be specifically defended in litigation or settlement of this action. Our legal interests in this action are not identical, and may be contrary to, Defendants' interests, and we anticipate a need to present different information and legal arguments than might be presented by some or all Defendants. We are particularly concerned about the prospect of settlement negotiations and wish to have a role in any possible settlement discussions. In settlement or formal litigation Cal4 typically presents different issues, arguments, and evidence than that presented by governmental agencies' legal counsel. This reflects the fact that the Forest Service does not share the same ultimate

DECLARATION OF AMY GRANAT
IN SUPPORT OF MOTION TO INTERVENE - Page 4

objective in this, or any case, with Cal4 or other private parties. A "loss" for the Forest Service simply changes the manner in which they conduct their never-ending yet ever-changing management duties. A "loss" for Cal4 can mean elimination of personal, on-the-ground activity. For all of these reasons, Cal4 has determined it is essential to intervene and obtain party status in order to defend its legal rights at stake in this litigation.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of November, 2010, at Clarksburg, California.

_____
Amy Granat

DECLARATION OF AMY GRANAT
IN SUPPORT OF MOTION TO INTERVENE - Page