PAUL A. TURCKE (applicant *pro hac vice*)  
MOORE SMITH BUXTON & TURCKE, CHARTERED  
950 West Bannock Street, Suite 520  
Boise, Idaho 83702  
Telephone: (208) 331-1800  
Facsimile: (208) 331-1202  
pat@msbtlaw.com  

DENNIS PORTER (Cal. Bar #67176)  
Attorney at Law  
8120 36th Avenue  
Sacramento, CA 95824-2304  
Telephone: (916) 381-8300  
Facsimile: (916) 381-8726  
dlporter2@yahoo.com  

Attorneys for Defendant-Intervenors-Applicants

IN THE UNITED STATES DISTRICT COURT  
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL SIERRA ENVIRONMENTAL RESOURCE CENTER, et al.,<br><br>   Plaintiffs,<br><br>vs.<br><br>UNITED STATES FOREST SERVICE, et al.,<br><br>   Defendants,<br><br>and<br><br>CALIFORNIA OUTDOOR HERITAGE ALLIANCE, CALIFORNIA ASSOC. OF 4 WHEEL DRIVE CLUBS, MERCED DIRT RIDERS, MODESTO HOUNDSMEN, DISTRICT 36 MOTORCYCLE SPORTS COMMITTEE, CALIFORNIA OFF ROAD VEHICLE ASSOC., and THE BLUERIBBON COALITION,<br><br>   Defendant-Intervenor-Applicants. | Case No. CV-10-2172-FCD-GGH<br><br>DECLARATION OF DAVE PICKETT IN SUPPORT OF MOTION TO INTERVENE |

1.   My name is Dave Pickett, and I reside in Pioneer, California. I am a member of the American Motorcyclist Association District 36 ("D36") and presently serve as Director of D36's Legislative Action Office and on D36's Motorcycle Sports Committee. I have reviewed

DECLARATION OF DAVE PICKETT  
IN SUPPORT OF MOTION TO INTERVENE - Page 1

the complaint on file in this case, am over the age of majority and am otherwise competent to testify to the matters described herein.

2. The AMA is an Ohio non-profit organization with more than 223,000 members nationwide, and D36 is one of its many national regional districts, an is located in Northern California. The AMA is dedicated to providing information, advocacy, and event organization regarding motorcycling and motorized use. AMA members, including myself, regularly utilize the Stanislaus National Forest and other National Forest lands for recreational, aesthetic, and commercial purposes.

3. I am an avid outdoor enthusiast and my activities regularly include Forest Service-managed lands for a variety of recreational and aesthetic pursuits, including camping, hunting, fishing, photography, wildlife viewing, off-road vehicle use, and other similar interests. I have operated off-highway vehicles ("OHVs") on roads and trails within National Forests throughout California and other western states, including the Stanislaus National Forest, and have future plans to continue such activity to the extent authorized by the Forest Service.

4. D36 is also an organizational member of the BlueRibbon Coalition, and I am personally a member of the BlueRibbon Coalition. D36 has participated alongside BlueRibbon in various administrative, public relations and litigation activities involving public lands access in California and beyond.

5. I have reviewed the Complaint filed in this matter and conclude that Plaintiffs' requested relief could have profound negative impacts on D36 members' recreational and aesthetic interests, including my own. As I read Plaintiffs' Complaint, they contend the Forest Service has illegally authorized OHV access to public lands in various parts of the Stanislaus, and ask this Court to declare the travel plan to be unlawful, and to effectively re-write the plan to

DECLARATION OF DAVE PICKETT
IN SUPPORT OF MOTION TO INTERVENE - Page 2

plaintiffs' satisfaction pending remand.  Complaint (Doc. No. 1) at 22, Prayer for Relief, ¶ E ("enjoin the Forest Service from implementing the ROD as to the decision to add unauthorized motorized routes…and from allowing other motor vehicle use…that is contrary to law, as specifically requested by plaintiffs in the course of these proceedings….".  These terms and conditions are ambiguous, but such an injunction would certainly restrict historical vehicle access which existed immediately prior to the travel plan.  Should the Court grant any meaningful part of this relief such an order would have adverse effects on my chosen recreational access, associated recreational activities, and those of other D36 members.

6. D36 and its members actively participated in the administrative process leading to adoption of the challenged travel plan.  This included appearing at meetings, reviewing the planning documents, and submitting written comments.

7. D36 attempts to maintain a cooperative relationship with all land management agencies, including the Stanislaus National Forest, as well as our chartered member clubs.  At the same time, we understand that this agency and other Federal Defendants must balance issues, land uses and legal duties beyond those stressed by our members.  On some occasions, these agencies have proposed or adopted decisions contrary to our input, which we have been forced to challenge through applicable opportunities for administrative and judicial review.  In the challenged travel plan, there were many miles of existing and historically-open roads and trails that were closed by the Stanislaus' Forest decision.  In our comments we recognized that restrictions from existing access were likely, but even those concessions were overlooked by the Forest as its final decision reflected significant, and we believe, unnecessary, additional reductions in vehicle access to the Forest.

DECLARATION OF DAVE PICKETT
IN SUPPORT OF MOTION TO INTERVENE - Page 3

8. We are hopeful that Defendants will present a vigorous defense to Plaintiffs' claims in this case. Given the broad spectrum of interests potentially impacted by Plaintiffs' claims, we are concerned that the recreational interests represented by D36 be specifically defended in litigation or settlement of this action. Our legal interests in this action are not identical, and may be contrary to, Defendants' interests, and we anticipate a need to present different information and legal arguments than might be presented by some or all Defendants. We are particularly concerned about the prospect of settlement negotiations and wish to have a role in any possible settlement discussions. In settlement or formal litigation D36 typically presents different issues, arguments, and evidence than that presented by governmental agencies' legal counsel. This reflects the fact that the Forest Service does not share the same ultimate objective in this, or any case, with D36 or other private parties. A "loss" for the Forest Service simply changes the manner in which they conduct their never-ending yet ever-changing management duties. A "loss" for us can mean elimination of personal, on-the-ground activity. For all of these reasons, D36 has determined it is essential to intervene and obtain party status in order to defend its legal rights at stake in this litigation.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this __th day of November, 2010, at Pioneer, California.

_____
Dave Pickett

DECLARATION OF DAVE PICKETT
IN SUPPORT OF MOTION TO INTERVENE - Page 4