PAUL A. TURCKE (applicant *pro hac vice*)
MOORE SMITH BUXTON & TURCKE,
CHARTERED
950 West Bannock Street, Suite 520
Boise, Idaho 83702
Telephone: (208) 331-1800
Facsimile: (208) 331-1202
pat@msbtlaw.com

DENNIS PORTER (Cal. Bar #67176)
Attorney at Law
8120 36th Avenue
Sacramento, CA 95824-2304
Telephone: (916) 381-8300
Facsimile: (916) 381-8726
dlporter2@yahoo.com

Attorneys for Defendant-Intervenors-Applicants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

CENTRAL SIERRA ENVIRONMENTAL RESOURCE CENTER, et al.

    Plaintiffs,

vs.

UNITED STATES FOREST SERVICE, et al.

    Defendants,

and

CALIFORNIA OUTDOOR HERITAGE ALLIANCE, CALIFORNIA ASSOC. OF 4 WHEEL DRIVE CLUBS, MERCED DIRT RIDERS, MODESTO HOUNDSMEN, DISTRICT 36 MOTORCYCLE SPORTS COMMITTEE, CALIFORNIA OFF ROAD VEHICLE ASSOC., and THE BLUERIBBON COALITION,

    Defendant-Intervenor-Applicants.

Case No. CV-10-2172-FCD-GGH

DECLARATION OF JIM WOODS IN SUPPORT OF MOTION TO INTERVENE

1. My name is Jim Woods, and I reside in Simi Valley, California. I am a member of the California Off Road Vehicle Association ("CORVA") and presently serve as CORVA's

DECLARATION OF JIM WOODS
IN SUPPORT OF MOTION TO INTERVENE - Page 1

1  President.  I have reviewed the complaint on file in this case, am over the age of majority and am otherwise competent to testify to the matters described herein.

2. CORVA is a nonprofit organization whose members are a varied group of outdoor recreationists protecting their access to public lands and promoting the positive aspects of vehicular access to public lands.  CORVA has approximately ____ members, who are primarily from California but from other western states and beyond.  CORVA members are typically owners and operators of "green sticker" vehicles such as all-terrain vehicles, motorcycles, trail bikes and dune buggies, as well as "street legal" four-wheel drive vehicles, dual sport motorcycles and desert racers.  These and similar vehicles are often collectively referred to as "off-road vehicles" or "off-highway vehicles" ("OHVs").  CORVA members regularly utilize the Stanislaus National Forest and other National Forest lands for recreational, aesthetic, and commercial purposes.

3. I am an avid outdoor enthusiast and my activities regularly include Forest Service-managed lands for a variety of recreational and aesthetic pursuits, including camping, hunting, fishing, photography, wildlife viewing, OHV use, and other similar interests.  I have operated OHVs on roads and trails within National Forests throughout California and other western states, including the Stanislaus National Forest, and have future plans to continue such activity to the extent authorized by the Forest Service.

4. CORVA is also an organizational member of the BlueRibbon Coalition, and I am personally a member of the BlueRibbon Coalition.  CORVA has participated alongside BlueRibbon in various administrative, public relations and litigation activities involving public lands access in California and beyond.  (IS THIS TRUE?  IF NOT OMIT THIS PARAGRAPH).

DECLARATION OF JIM WOODS
IN SUPPORT OF MOTION TO INTERVENE - Page 2

5.  I have reviewed the Complaint filed in this matter and conclude that Plaintiffs' requested relief could have profound negative impacts on CORVA members' recreational and aesthetic interests, including my own.  As I read Plaintiffs' Complaint, they contend the Forest Service has illegally authorized OHV access to public lands in various parts of the Stanislaus, and ask this Court to declare the travel plan to be unlawful, and to effectively re-write the plan to plaintiffs' satisfaction pending remand.  Complaint (Doc. No. 1) at 22, Prayer for Relief, ¶ E ("enjoin the Forest Service from implementing the ROD as to the decision to add unauthorized motorized routes…and from allowing other motor vehicle use…that is contrary to law, as specifically requested by plaintiffs in the course of these proceedings….".  These terms and conditions are ambiguous, but such an injunction would certainly restrict historical vehicle access which existed immediately prior to the travel plan.  Should the Court grant any meaningful part of this relief such an order would have adverse effects on my chosen recreational access, associated recreational activities, and those of other CORVA members.

6.  CORVA and its members actively participated in the administrative process leading to adoption of the challenged travel plan.  This included appearing at meetings, reviewing the planning documents, and submitting written comments.

7.  CORVA attempts to maintain a cooperative relationship with all land management agencies, including the Stanislaus National Forest.  At the same time, we understand that this agency and other Federal Defendants must balance issues, land uses and legal duties beyond those stressed by our members.  On some occasions, these agencies have proposed or adopted decisions contrary to our input, which we have been forced to challenge through applicable opportunities for administrative and judicial review.  In the challenged travel

DECLARATION OF JIM WOODS
IN SUPPORT OF MOTION TO INTERVENE - Page 3

plan, there were many miles of existing and historically-open roads and trails that were closed by the Stanislaus' Forest decision. In our comments we recognized that restrictions from existing access were likely, but even those concessions were overlooked by the Forest as its final decision reflected significant, and we believe, unnecessary, additional reductions in vehicle access to the Forest.

8. We are hopeful that Defendants will present a vigorous defense to Plaintiffs' claims in this case. Given the broad spectrum of interests potentially impacted by Plaintiffs' claims, we are concerned that the recreational interests represented by CORVA be specifically defended in litigation or settlement of this action. Our legal interests in this action are not identical, and may be contrary to, Defendants' interests, and we anticipate a need to present different information and legal arguments than might be presented by some or all Defendants. We are particularly concerned about the prospect of settlement negotiations and wish to have a role in any possible settlement discussions. In settlement or formal litigation CORVA typically presents different issues, arguments, and evidence than that presented by governmental agencies' legal counsel. This reflects the fact that the Forest Service does <u>not</u> share the same ultimate objective in this, or any case, with CORVA or other private parties. A "loss" for the Forest Service simply changes the manner in which they conduct their never-ending yet ever-changing management duties. A "loss" for us can mean elimination of personal, on-the-ground activity. For all of these reasons, CORVA has determined it is essential to intervene and obtain party status in order to defend its legal rights at stake in this litigation.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DECLARATION OF JIM WOODS
IN SUPPORT OF MOTION TO INTERVENE - Page 4

1  DATED this 29th day of November, 2010, at Simi Valley, California.

_____
Jim Woods

DECLARATION OF JIM WOODS
IN SUPPORT OF MOTION TO INTERVENE - Page 5